# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 95-CR-09-LRR |
| vs. | **ORDER** |
| DERRICK WARE, | |
| Defendant. | |

_____

The matter before the court is Defendant Derrick Ware's Objection (docket no. 105) to United States Magistrate Judge Jon S. Scoles's Report and Recommendation (docket no. 102). On April 2, 2012, Judge Scoles held a hearing on the First Supplemented and Substituted Petition for Warrant or Summons for Offender Under Supervision (docket no. 97).[1] On April 3, 2012, Judge Scoles issued the Report and Recommendation, which recommends that the court revoke Defendant's supervised release and that he be sentenced to an eighteen-month term of imprisonment with no period of supervised release to follow. The Report and Recommendation states that, "within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections with the district court." Report and Recommendation at 6.

On April 17, 2012, Defendant filed his Objection. In his Objection, Defendant states that he "does not dispute the relevant facts and proceedings as reflected in the . . . Report and Recommendation." Objection at 1. Additionally, Defendant does not object to Judge Scoles's recommendation that Defendant serve an eighteen-month sentence.

_____

[1] Defendant is on supervised release in two cases originating in the Northern District of Iowa: the instant case and Case No. 08-cr-00023-LRR. The government filed petitions to revoke Defendant's supervised release in both cases, and Judge Scoles addressed both petitions at the April 2, 2012 hearing.

Rather, Defendant objects only to Judge Scoles's recommendation that Defendant's eighteen-month sentence be served in prison as opposed to a residential reentry center, or "half-way house." Defendant argues that he has remained drug free, maintained employment for over a year and has been making monthly restitution payments in accordance with the Judgment entered in Case No. 08-cr-00023-LRR.

"[U]pon an objection to a magistrate judge's proposed findings and recommendations pursuant to [18 U.S.C. §] 3401(i), a district court must undertake de novo review." *United States v. Azure*, 539 F.3d 904, 909 (8th Cir. 2008). First, the court finds by a preponderance of the evidence that Defendant violated the terms and conditions of his supervised release. Defendant admitted at the hearing that he violated his supervised release by committing a new law violation, and he does not object to the portion of the Report and Recommendation making such finding. Thus, the remaining issue, and the only issue Defendant raises in his Objection, is the appropriate disposition. For the reasons stated in the Report and Recommendation, the court finds that incarceration is appropriate. The court notes, in particular, that it previously revoked Defendant's supervised release in this case. In that prior revocation proceeding, the court sentenced Defendant to a ten-month term of imprisonment. Although Defendant's guilty plea in Case No. 08-cr-00023-LRR was not the basis of that prior revocation, the court is nonetheless cognizant that this is the second time Defendant has committed a new law violation while on supervised release in the instant case. Furthermore, the court agrees that, as the government argued at the hearing, residential reentry centers are better suited for short-term stays. Thus, after a de novo review of the objected-to portion of the Report and Recommendation, the court hereby **ADOPTS** the Report and Recommendation (docket no. 102) in its entirety.

Thus, it is the judgment of the court that Defendant Derrick Ware's supervised release is revoked and he is hereby committed to the custody of the United States Bureau

of Prisons for a term of eighteen months.[2]  No period of supervised release shall follow.[3]  In fashioning a sentence in this matter, the court has taken into consideration all of the factors in 18 U.S.C. § 3553(a).

Defendant is advised of his right to appeal.  If Defendant desires to appeal, he must file a written notice with the Clerk of Court within fourteen days of the filing of the judgment.  If Defendant is unable to afford an attorney, the court will appoint an attorney to represent him.

The Clerk of Court is **DIRECTED** to send a copy of this order to Defendant, the government and the United States Probation Office.  The United States Probation Office is **DIRECTED** to prepare a revocation judgment in accordance with the Report and Recommendation and this order.

**IT IS SO ORDERED**.

**DATED** this 7th day of May, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[2] In a separate order, the court revokes Defendant's supervised release in Case No. 08-cr-00023-LRR and imposes an eighteen-month sentence in that case.  The sentence in the instant case shall run concurrently with the sentence in Case No. 08-cr-00023-LRR.

[3] The court, however, imposes a three-year term of supervised release in Case No. 08-cr-00023-LRR.